John S. WYNN, Jr., and Margaret R. Wynn, Appellants,

v.

UNITED STATES of America.

No. 17618.

United States Court of Appeals Third Circuit.

Argued May 6, 1969.

Decided May 14, 1969.

Henry L. Schimpf, Jr., Schimpf, Steeley, Tinaglia & Root, Philadelphia, Pa., for appellants.

Robert I. Waxman, U. S. Dept. of Justice, Tax Division, Washington, D. C., Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Harry Baum, Attys., Dept. of Justice, Washington, D. C., for appellee, Drew J. T. O'Keefe, U. S. Atty., of counsel.

Before McLAUGHLIN, KALODNER and VAN DUSEN, Circuit Judges.

PER CURIAM:

The appellant taxpayer, John S. Wynn, Jr., is a partner with an eight per cent. interest in the stock brokerage firm of J. W. Sparks & Co. ("Sparks") which trades extensively in tax exempt municipal bonds for its own account. Sparks maintained an account with a bank which was designated "Municipal Bond Account" ("Account"). All of Sparks' municipal bond purchases were paid for by the bank through the Account. During any period in which purchases exceeded receipts from sales, Sparks incurred an indebtedness to the bank. Between the time of purchase and sale, the bonds were held by the bank as security for outstanding indebtedness. Sparks made monthly interest payments to the bank.

Wynn, in his federal income tax returns for the taxable years here involved, claimed a deduction for his eight per cent. share of the interest paid by Sparks. The deductions were disallowed by the Internal Revenue and it assessed deficiencies against Wynn. He paid the deficiency assessments and then brought the instant action for recovery of the payments so made.

The District Court held that Section 265(2) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 265(2),[1] was (1) con-

stitutional; and (2) it precludes the interest deduction sought by the taxpayer. This appeal followed.

On review of the record we find no error. The Order of the District Court entering summary judgment in favor of the United States will be affirmed for the reasons so well stated by Judge Higginbotham in his Opinion reported at 288 F.Supp. 797 (E.D.Pa.1968).

---

1. "Section 265. Expenses and interest relating to tax-exempt income. No deduction shall be allowed for—
\* \* \* \* \*

"(2) Interest.—Interest on indebtedness incurred or continued to purchase or carry obligations \* \* \* the interest on which is wholly exempt from the taxes imposed by this subtitle. \* \* \*"